[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8299
The plaintiff, a building supplier, alleges in the first count of its two count complaint that it sold and delivered building materials to the defendants. The plaintiff claims that the amount of $13,873.38, plus finance charges are due and owing as per an agreed price. In the second count, the plaintiff alleges that it has continuously demanded the sum of $15,169.74 from November 30, 1991, that the defendants having not objected to these continuous demands that it owes this amount of money.
In furtherance of its claim, the plaintiff submitted thirty one (31) invoices from 11/2/90 through 6/5/91 which the plaintiff claims evidences deliveries of materials sold to the defendants. Although the plaintiff did not provide a total of the amount of the invoices to the court, the plaintiff's attorney estimated that the total of the invoices submitted was approximately $15,000.00. The defendants' attorney thought that the invoices added to approximately $13,000.00. The plaintiff also introduced two (2) exhibits acknowledging payment by the defendants. Exhibit 8 acknowledged payment of $7,686.28, and Exhibit 24 acknowledged payment of $10,000.00. These payments were made during the period alleged by the plaintiff in paragraph 3 of both counts that it sold and delivered materials to the defendants.
The defendants denies that all of the materials as stated in the various invoices (Plaintiff's Exhibits 1 through 33) were actually received by them. In addition, the defendants introduced evidence that Mr. Diehl, President of the plaintiff Mahopac Supply, Inc., executed a discharge of a mechanic's lien (Defendants Ex. 1) in consideration of the sum of $6,000.00, which the defendants, in fact, paid. Mr. Diehl, President of the plaintiff corporation, testified, in fact, that he signed this discharge of lien (Defendant's Exhibit 1), and that he understood the language contained therein that the claim was "satisfied", and that he did not expect to get any more money.
The plaintiff has not sustained its burden in connection with its claim. Assuming that all of the goods and materials as evidenced by Plaintiff's Exhibits 1 through 33 were, in fact, delivered to the defendants (approximately $15,000.00), the plaintiff acknowledges receipt of $25,000, (Exhibit 8, $7,686.00; Exhibit 24, $10,000.00, payment of $6,000.00 with CT Page 8300 release of lien which Mr. Diehl acknowledged.)
The plaintiff has offered no evidence whatsoever of any other materials sold and delivered to the defendants other than the goods and materials as shown on the invoices. (Plaintiff's Exhibits 1 — 33). Based on the evidence presented, the court can only find that the defendants have paid more than the plaintiff claims is due and owing. In addition, the court is satisfied that Mr. Diehl fully understood that the monies received when he signed the satisfaction of lien, dated March 21, 1994, was in full satisfaction of any claim that he might have against the defendants. The plaintiff offered no evidence or law in support of the second count of its complaint.
The court will render judgment on behalf of the defendants plus costs.
/s/ Pellegrino PELLEGRINO, J.